UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1067 MCE KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied.

Title 28 U.S.C. § 1915 generally permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g).

Plaintiff has had three prior actions dismissed which qualify as strikes under 28 U.S.C. § 1915(g): 1) Sierra v. Grannis, 1: 08-cv-0887 RTB CAB (E.D. Cal.), dismissed as frivolous on February 21, 2009 (ECF No. 18); 2) Sierra v. United States District Court, 1: 10-cv-1019 SKO (E.D. Cal.), dismissed for failing to state any claims on February 8, 2011 (ECF No. 28); 3) Sierra v. Moon, 1:11-cv-1214 LJO MJS (PC) (E.D. Cal.), dismissed as frivolous and for failing to state a claim on July 3, 2012 (ECF No. 32).

The imminent danger exception to 28 U.S.C. § 1915(g) applies only if it is clear that the danger existed when the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and must be ongoing. Andrews, 493 F.3d at 1056. Allegations of imminent danger that are overtly speculative or fanciful may be rejected. Id. at 1057 n.11. For the following reasons, the undersigned finds that plaintiff has not met the imminent injury exception.

Plaintiff's complaint is difficult to understand. However, it appears that plaintiff alleges that prison officials have failed to treat him for lower back problems. Plaintiff appears to allege that he suffered these back problems as long ago as 1985. Plaintiff raised similar, if not the same claims, in Sierra v. Moon, 1: 11-cv-1214 LJO MJS (PC). In that action, plaintiff alleged that defendants planned to move him from an acute care hospital housing unit to a housing unit with a lower level of care and failed to diagnose his alleged paraplegia as other than a faked disability. (See 1: 11-cv-1214 LJO MJS (PC) at ECF No. 16 at 2.) In 1:11-cv-1214 LJO MJS (PC), plaintiff also claimed that he suffered from paraplegia from injuries, possibly sustained in 1982, leaving him with a painful nerve disorder unnoticed by defendants who wrongly accused him of having an acute mental disorder. (Id. at 3.)

The district court in 1: 11-cv-1214 LJO MJS (PC), found that plaintiff's claims alleging an untreated back injury were frivolous because they were combined with patently frivolous claims alleging plaintiff's legal ownership of Nike business worldwide, etc.[1] (Id. at 3-5.) While

---

[1] In his application to proceed in forma pauperis filed in the instant action, plaintiff alleges that he owns several professional sports teams including the San Francisco Giants, the Oakland

1   plaintiff's instant complaint does not include other patently frivolous claims, the fact that plaintiff
2   raised the same claims regarding his alleged back problems in 1:11-cv-1214 LJO MJS (PC)
3   indicates that plaintiff is not in imminent danger of serious physical injury.  For these reasons, the
4   undersigned finds that plaintiff has not met the imminent danger exception to 28 U.S.C. §
5   1915(g).

6       Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's application to proceed in
7   forma pauperis (ECF No. 15) be denied; and plaintiff be ordered to pay the filing fee.

8       These findings and recommendations are submitted to the United States District Judge
9   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
10  after being served with these findings and recommendations, plaintiff may file written objections
11  with the court and serve a copy on all parties.  Such a document should be captioned
12  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
13  failure to file objections within the specified time may waive the right to appeal the District
14  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
15  Dated:  July 28, 2016

17  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

19  Si1067.ifp

---

Raiders, the San Jose Sharks and the Sacramento Kings.  (ECF No. 15 at 2.)  Because these claims are clearly frivolous, they are disregarded.  In any event, the Certificate of Funds Form certified by prison officials in support of plaintiff's application to proceed in forma pauperis states that plaintiff has no money in his prison trust account.  (<u>Id.</u> at 3.)

3