UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No.  2: 16-cv-1067 MCE KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On July 28, 2016, the undersigned recommended that plaintiff's application to proceed in forma pauperis be denied on grounds that plaintiff had three prior actions dismissed which qualified as strikes under 28 U.S.C. § 1915(g).  (ECF No. 24.)

In the findings and recommendations, the undersigned also found that plaintiff did not meet the imminent injury exception to 28 U.S.C. § 1915(g):

> Plaintiff's complaint is difficult to understand.  However, it appears that plaintiff alleges that prison officials have failed to treat him for lower back problems.  Plaintiff appears to allege that he suffered these back problems as long ago as 1985.  Plaintiff raised similar, if not the same claims, in Sierra v. Moon, 1:11-cv-1214 LJO MJS (PC).  In that action, plaintiff alleged that defendants planned to move him from an acute care hospital housing unit to a housing unit with a lower level of care and failed to diagnose his alleged paraplegia as other than a faked disability.  (See 1:11-cv-1214 LJO

1

> MJS (PC) at ECF No. 16 at 2.) In 1:11-cv-1214 LJO MJS (PC), plaintiff also claimed that he suffered from paraplegia from injuries, possibly sustained in 1982, leaving him with a painful nerve disorder unnoticed by defendants who wrongly accused him of having an acute mental disorder. (Id. at 3.)
>
> The district court in 1:11-cv-1214 LJO MJS (PC), found that plaintiff's claims alleging an untreated back injury were frivolous because they were combined with patently frivolous claims alleging plaintiff's legal ownership of Nike business worldwide, etc. (Id. at 3-5.) While plaintiff's instant complaint does not include other patently frivolous claims, the fact that plaintiff raised the same claims regarding his alleged back problems in 1:11-cv-1214 LJO MJS (PC) indicates that plaintiff is not in imminent danger of serious physical injury. For these reasons, the undersigned finds that plaintiff has not met the imminent danger exception to 28 U.S.C. § 1915(g).

(Id. at 2-3.)

On August 23, 2016, plaintiff filed objections to the findings and recommendations. (ECF No. 26.) Attached as an exhibit to the objections is a form titled "Disability Placement Program Verification." (Id. at 65.) This document indicates that plaintiff is allowed an "intermittent wheelchair," meaning he may use it outside of his cell only. (Id.) Plaintiff has written on this document that Correctional Officer Walker handed him this document on April 13, 2016. (Id.) Thus, it appears that plaintiff may have been allowed to use the wheelchair in his cell prior to April 13, 2016.

A claim by plaintiff challenging the denial of a wheelchair for in-cell use may meet the imminent injury exception to 28 U.S.C. § 1915(g) if plaintiff is able to allege that he suffers a serious risk of harm, or has suffered serious harm, as a result of not being able to use his wheelchair in his cell. For this reason, the July 28, 2016 findings and recommendations are vacated and plaintiff is granted leave to file an amended complaint raising his claim alleging denial of access to a wheelchair for in-cell use. The amended complaint must name as defendants those prison officials responsible for allegedly restricting his use of a wheelchair to out-of-cell only.

Plaintiff is cautioned that his amended complaint should contain a short and plain statement of his claims, as required by Federal Rule of Civil Procedure 8. In other words, the amended complaint may not include claims unrelated to the claim regarding plaintiff's use of the

2

wheelchair in his cell, i.e., claims unrelated to his claim alleging an imminent danger of serious physical injury.  If the amended complaint does not allege an imminent danger of serious physical injury, the undersigned will again recommend that plaintiff's application to proceed in forma pauperis be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 28, 2016 findings and recommendations are vacated;

2. Plaintiff is granted twenty-one days from the date of this order to file an amended complaint; if plaintiff does not file an amended complaint, the July 28, 2016 findings and recommendations will be reinstated;

3. The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint by a prisoner pursuant to 42 U.S.C. § 1983.

Dated:  September 1, 2016

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

Ser1067.vac