UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA,<br><br>  Plaintiff,<br><br>  v.<br><br>DIRECTOR OF DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | No. 2: 16-cv-1067 MCE KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 28, 2016, the undersigned recommended that plaintiff's application to proceed in forma pauperis be denied on grounds that plaintiff had three prior actions dismissed which qualified as strikes under 28 U.S.C. § 1915(g). (ECF No. 24.) The undersigned also found that plaintiff did not meet the imminent injury exception to 28 U.S.C. § 1915(g). (Id.)

> Plaintiff's complaint is difficult to understand. However, it appears that plaintiff alleges that prison officials have failed to treat him for lower back problems. Plaintiff appears to allege that he suffered these back problems as long ago as 1985. Plaintiff raised similar, if not the same claims, in Sierra v. Moon, 1: 11-cv-1214 LJO MJS (PC). In that action, plaintiff alleged that defendants planned to move him from an acute care hospital housing unit to a housing unit with a lower level of care and failed to diagnose his alleged paraplegia as other than a faked disability. (See 1: 11-cv-1214 LJO MJS (PC) at ECF No. 16 at 2.) In 1:11-cv-1214 LJO MJS (PC), plaintiff also claimed that he suffered from paraplegia from injuries,

1

    possibly sustained in 1982, leaving him with a painful nerve disorder unnoticed by defendants who wrongly accused him of having an acute mental disorder.  (Id. at 3.)

    The district court in 1:11-cv-1214 LJO MJS (PC) found that plaintiff's claims alleging an untreated back injury were frivolous because they were combined with patently frivolous claims alleging plaintiff's legal ownership of Nike business worldwide, etc. [Footnote omitted.] (Id. at 3-5.)  While plaintiff's instant complaint does not include other patently frivolous claims, the fact that plaintiff raised the same claims regarding his alleged back problems in 1: 11-cv-1214 LJO MJS (PC) indicates that plaintiff is not in imminent danger of serious physical injury.  For these reasons, the undersigned finds that plaintiff has not met the imminent danger exception to 28 U.S.C. § 1915(g).

(Id. 24 at 2-3.)

   On August 23, 2016, plaintiff filed objections to the findings and recommendations.  (ECF No. 26.)  Attached are several documents indicating that plaintiff used a wheelchair for several years.  For example, plaintiff attached a form dated November 23, 2011, stating that he was a full-time wheelchair user.  (Id. at 51.)  Plaintiff attached a chrono dated November 22, 2011, stating that he was permanently and totally disabled.  (Id. at 53.)  Plaintiff attached a classification chrono dated August 8, 2012, stating that he was totally disabled, used a wide wheelchair and could do "no standing or walking at all."  (Id. at 54.)  Plaintiff attached another classification chrono from 2014 stating that he was "totally disabled (bedridden)."  (Id. at 57.)   Plaintiff attached a medical chrono from July 22, 2014, stating that he required a large size wheelchair.  (Id. at 58.)  Plaintiff also attached medical records stating that he requested that his bed be close to the sink.  (Id. at 61.)  Plaintiff attached the August 18, 2014 chrono granting this request.  (Id. at 63.)

   Plaintiff also attached to his objections a form titled "Disability Placement Verification." (Id. at 65.)  This document indicates that plaintiff is allowed an "intermittent wheelchair," meaning he may use it outside of his cell only.  Plaintiff wrote on this document that Correctional Officer Walker handed him this document on April 13, 2016.  (Id.)

   On September 1, 2016, the undersigned issued an order finding that a claim by plaintiff challenging the denial of a wheelchair for in-cell use may met the imminent injury exception to 28 U.S.C. § 1915(g) if plaintiff alleged that he suffered serious risk of harm, or has suffered

serious harm, as a result of not being able to use his wheelchair in his cell. (ECF No. 28 at 2.) For that reason, the undersigned vacated the July 28, 2016 findings and recommendations and granted plaintiff leave to file an amended complaint raising his claim alleging denial of access to a wheelchair for in-cell use. (Id.)

On December 16, 2016, plaintiff filed an amended complaint. (ECF No. 36.) The amended complaint is difficult to understand. Plaintiff appears to allege that he is still being denied access to a wheelchair for in-cell use. Plaintiff also appears to allege that his bed is no longer located near his sink.

Although questionable, plaintiff's denial of access to a wheelchair for in-cell use and not having his bed near the sink in his cell may meet the imminent danger exception to 28 U.S.C. § 1915(g). However, after reviewing the amended complaint, the undersigned cannot determine whether plaintiff has met this exception. Accordingly, in an abundance of caution, the undersigned directs Supervising Deputy Attorney Monica Anderson to file a status report addressing the following issues: 1) is plaintiff allowed to use a wheelchair in his cell and, if not, why not? and 2) was plaintiff's bed previously near the sink in his cell and if yes but it is no longer true, why not?

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, Supervising Deputy Attorney General Monica Anderson shall file the status report discussed above;

2. The Clerk of the Court is directed to serve a copy of this order on Supervising Deputy Attorney General Monica Anderson.

Dated:  December 23, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Si1067.fb