UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA,<br><br>                    Plaintiff,<br><br>        v.<br><br>DIRECTOR OF DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>                    Defendants. | No.  2: 16-cv-1067 MCE KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied.

On July 28, 2016, the undersigned recommended that plaintiff's application to proceed in forma pauperis be denied on grounds that plaintiff had three prior actions dismissed which qualified as strikes under 28 U.S.C. § 1915(g).  (ECF No. 24.)  These findings and recommendations stated:

> Title 28 U.S.C. § 1915 generally permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,
>
> [i]n no event shall a prisoner bring a civil action or appeal a

1

> judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three prior actions dismissed which qualify as strikes under 28 U.S.C. § 1915(g): 1) Sierra v. Grannis, 1:08-cv-0887 RTB CAB (E.D. Cal.), dismissed as frivolous on February 21, 2009 (ECF No. 18); 2) Sierra v. United States District Court, 1:10-cv-1019 SKO (E.D. Cal.), dismissed for failing to state any claims on February 8, 2011 (ECF No. 28); 3) Sierra v. Moon, 1:11-cv-1214 LJO MJS (PC) (E.D. Cal.), dismissed as frivolous and for failing to state a claim on July 3, 2012 (ECF No. 32).

The imminent danger exception to 28 U.S.C. § 1915(g) applies only if it is clear that the danger existed when the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and must be ongoing. Andrews, 493 F.3d at 1056. Allegations of imminent danger that are overtly speculative or fanciful may be rejected. Id. at 1057 n.11. For the following reasons, the undersigned finds that plaintiff has not met the imminent injury exception.

Plaintiff's complaint is difficult to understand. However, it appears that plaintiff alleges that prison officials have failed to treat him for lower back problems. Plaintiff appears to allege that he suffered these back problems as long ago as 1985. Plaintiff raised similar, if not the same claims, in Sierra v. Moon, 1:11-cv-1214 LJO MJS (PC). In that action, plaintiff alleged that defendants planned to move him from an acute care hospital housing unit to a housing unit with a lower level of care and failed to diagnose his alleged paraplegia as other than a faked disability. (See 1:11-cv-1214 LJO MJS (PC) at ECF No. 16 at 2.) In 1:11-cv-1214 LJO MJS (PC), plaintiff also claimed that he suffered from paraplegia from injuries, possibly sustained in 1982, leaving him with a painful nerve disorder unnoticed by defendants who wrongly accused him of having an acute mental disorder. (Id. at 3.)

The district court in 1:11-cv-1214 LJO MJS (PC) found that plaintiff's claims alleging an untreated back injury were frivolous because they were combined with patently frivolous claims alleging plaintiff's legal ownership of Nike business worldwide, etc. [Footnote 1.] (Id. at 3-5.) While plaintiff's instant complaint does not include other patently frivolous claims, the fact that plaintiff raised the same claims regarding his alleged back problems in 1:11-cv-1214 LJO MJS (PC) indicates that plaintiff is not in imminent danger of serious physical injury. For these reasons, the undersigned finds that plaintiff has not met the imminent danger exception to 28 U.S.C. § 1915(g).

2

> [Footnote 1: In his application to proceed in forma pauperis filed in the instant action, plaintiff alleges that he owns several professional sports teams including the San Francisco Giants, the Oakland Raiders, the San Jose Sharks and the Sacramento Kings. (ECF No. 15 at 2.) Because these claims are clearly frivolous, they are disregarded. In any event, the Certificate of Funds Form certified by prison officials in support of plaintiff's application to proceed in forma pauperis states that plaintiff has no money in his prison trust account. (Id. at 3.)]

(ECF No. 24 at 1-3.)

On August 23, 2016, plaintiff filed objections to the findings and recommendations. (ECF No. 26.) Attached as an exhibit to the objections was a form titled "Disability Placement Program Verification." (Id. at 65.) This document indicated that plaintiff was allowed an "intermittent wheelchair," meaning that he may use it outside of his cell only. (Id.) Plaintiff had written on this document that Correctional Officer Walker handed him this document on April 13, 2016. (Id.)

Also attached as exhibits to the objections were documents indicating that plaintiff had been a full-time wheelchair user for several years. For example, plaintiff attached a form dated November 23, 2011, stating that he was a full-time wheelchair user. (Id. at 51.) Thus, it appeared that plaintiff may have been allowed to use the wheelchair in his cell prior to April 13, 2016.

On September 1, 2016, the undersigned issued an order finding that a claim by plaintiff challenging the denial of a wheelchair for in-cell use may meet the imminent injury exception to 28 U.S.C. § 1915(g) if plaintiff suffered a serious risk of harm, or had suffered serious harm, as a result of not being able to use his wheelchair in his cell. (ECF No. 38.) For that reason, the undersigned vacated the July 28, 2016 findings and recommendations and granted plaintiff leave to file an amended complaint raising his claim alleging denial of access to a wheelchair for in-cell use. (Id.)

On December 16, 2016, plaintiff filed an amended complaint. (ECF No. 36.) The amended complaint is difficult to understand. Plaintiff appeared to allege that he did not have access to a wheelchair for in-cell use and that his bed was no longer located near his sink.

On December 23, 2016, the undersigned issued an order stating that he could not

3

determine from the amended complaint whether plaintiff met the imminent injury exception to 28 U.S.C. § 1915(g). (ECF No. 38.) Accordingly, the undersigned directed Supervising Deputy Attorney General Monica Anderson to file a status report addressing plaintiff's access to a wheelchair for in cell use and whether plaintiff's sink in his cell was near his bed. (ECF No. 38.)

On January 17, 2017, the California Attorney General's Office filed a response to the December 23, 2016 order. (ECF No. 44.) Attached to this order is the declaration of T. Weinholdt, an Associate Warden and the Americans with Disability Act ("ADA") Coordinator at the California Health Care Facility, where plaintiff is housed. Deputy Warden Weinholdt states, in relevant part,

> 3. Currently, Mr. Sierra, who is part of the Disability Placement Program under the Armstrong class action is designated DPW (wheelchair dependent). Inmates with a DPW designation are prescribed a wheelchair for full-time use both within and outside the assigned cell. I have been informed that Mr. Sierra does have his wheelchair in his cell.
>
> 4. Mr. Sierra is currently in a Correctional Treatment Center ("CTC") cell that contains a sink and is ADA compliant. The CTC is a licensed health-care facility which provides inpatient healthcare services to those who do not require a general acute care level of basic services, but who are in need of professionally supervised health care. In the CTC, Mr. Sierra has access to health care 24 hours a day, 7 days a week. In addition, while in the CTC, a patient's condition is re-evaluated on a regular basis by their health care provider.
>
> 5. As to Mr. Sierra's bed and its location, Mr. Sierra's cell has a regular hospital bed, which is not bolted to the ground. Although this bed can be moved, I am informed that the bed should not be moved so that it blocks the door or impedes access to the cell. Blocking the door prevents or impedes staff from responding to an emergency within his cell. There is also concern of a fire hazard and potential electrical accidents. I am informed that Mr. Sierra has moved his bed around and it blocks the door or presents other safety hazards. As such, when Mr. Sierra has moved the bed in any way that would impede access or pose a safety concerns, staff would have told him not to do so for safety reasons.

(Id. at 5-6.)

For the following reasons, the undersigned finds that plaintiff does not meet the imminent danger exception to 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed. Andrews v. Cervantes, 493

4

F.3d 1047, 1052 (9th Cir. 2007).  Based on the exhibit attached to plaintiff's objections, it appears that plaintiff was denied access to a wheelchair in his cell for some period of time.  However, plaintiff does not allege that he suffered any injury as a result of not having access to an in-cell wheelchair.  The record also suggests that plaintiff has suffered no injury related to the location of his bed in his cell.  Because the claims of imminent danger are based on "less obviously injurious practices," which are unsupported by allegations of harm, the undersigned finds that plaintiff does not meet the imminent danger exception to 28 U.S.C. § 1915(g).  See Andrews v. Cervantes, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) (assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm).  Accordingly, plaintiff's application to proceed in forma pauperis should be denied.[1]

Until the issue of plaintiff's filing fee is finally resolved, the undersigned orders that all other pending motions filed by plaintiff be vacated.  These motions may be reinstated following resolution of the filing fee issue, if appropriate.

Accordingly, IT IS HEREBY ORDERED that the following motions are vacated: plaintiff's motion for appointment of counsel (ECF No. 16), plaintiff's motions for injunctive relief (ECF Nos. 17, 18), plaintiff's motions to amend (ECF Nos. 19, 36), plaintiff's motion for law library access (ECF No. 21), plaintiff's motion for extension of time (ECF No. 37);

IT IS HEREBY RECOMMENDED that plaintiff's applications to proceed in forma pauperis (ECF No. 15, 35) be denied; and plaintiff be ordered to pay the filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District

---

[1] If plaintiff is again denied access to an in-cell wheelchair, he shall notify the court.

1 | Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2 | Dated: January 26, 2017

```
                                    /s/ Kendall J. Newman
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
```

Si1067.ifp(2)