1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH ALAN SIERRA,                    No.  2: 16-cv-1067 MCE KJN P

12                   Plaintiff,

13         v.                                 ORDER

14    DIRECTOR OF DEPARTMENT OF
      CORRECTIONS AND
15    REHABILITATION, et al.,

16                   Defendants.

17

18         Plaintiff is a former state prisoner, proceeding pro se, with a civil rights action pursuant to

19   42 U.S.C. § 1983.  On May 5, 2017, the court denied plaintiff's application to proceed in forma

20   pauperis and ordered plaintiff to pay the filing fee within thirty days.  (ECF No. 64.)  On April 27,

21   2021, the Ninth Circuit Court of Appeals reversed the May 5, 2017 order and remanded this

22   action.  (ECF No. 87.)  On May 19, 2021, the mandate was issued.  (ECF No. 88.)

23         On July 8, 2021, the undersigned granted plaintiff thirty days to file a second amended

24   complaint raising all claims against all defendants he intends to name.  (ECF No. 89.)  The

25   undersigned ordered that if plaintiff did not file a second amended complaint within that time, the

26   undersigned would screen the amended complaint filed December 16, 2016.  (Id.)

27         Thirty days passed from July 8, 2021, and plaintiff did not file a second amended

28   complaint.  Accordingly, the undersigned herein screens the amended complaint filed December

16, 2016.  (ECF No. 34.)  The amended complaint names 48 defendants and contains three claims.

The undersigned observes that plaintiff attaches approximately 60 pages of exhibits to the amended complaint, which appear to be administrative grievances.  The amended complaint does not to refer to these exhibits.  The undersigned is not required to comb through these exhibits to determine whether cognizable claims could be stated based on these exhibits.  Woodrow v. Cty. of Merced, 2015 WL 164427, at *4 (E.D. Cal. Jan. 13, 2015) (court is not required "to wade through exhibits to determine whether cognizable claims have been stated.")

*Claim One*

In claim one, plaintiff first alleges that defendants violated his Eighth Amendment rights by removing his DPW status.  (Id. at 5.)  By DPW, plaintiff appears to mean his classification as "disabled person wheelchair," i.e., an inmate entitled to use of a wheelchair.  Plaintiff also alleges that defendants failed to provide him with necessary therapeutic therapy which caused plaintiff to suffer atrophy and become bedridden.  (Id.)  In particular, plaintiff alleges that "defendants removed his DPW status on November 13, 2015.  (Id.)  Plaintiff alleges that defendant Singh restored plaintiff's DPW status on May 17, 2016.  (Id.)  However, "not all medical necessities were returned."  (Id. at 6.)

Where a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  An Eighth Amendment medical claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

1    at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

2    objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

3    825, 834 (1994).

4        If a prisoner establishes the existence of a serious medical need, he must then show that

5    prisoner officials responded to the serious medical need with deliberate indifference.  See Farmer,

6    511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny,

7    delay, or intentionally interfere with medical treatment, or may be shown by the way in which

8    prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th

9    Cir. 1988).

10       Before it can be said that a prisoner's civil rights have been abridged with regard to

11   medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

12   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

13   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

14   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

15   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

16   Amendment rights.").

17       Finally, mere differences of opinion between a prisoner and prison medical staff or

18   between medical professionals as to the proper course of treatment for a medical condition do not

19   give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058.

20       Plaintiff's claim that defendant Singh restored plaintiff's DPW status does not state a

21   potentially colorable Eighth Amendment claim.  Plaintiff may be claiming that defendant Singh

22   violated the Eighth Amendment by failing to return "all medical necessities."  However, plaintiff

23   does not describe these medical necessities.  Without this information, the undersigned cannot

24   determine whether plaintiff has stated a potentially colorable claim against defendant Singh.

25   Accordingly, these claims against defendant Singh are dismissed.

26       Plaintiff alleges that defendant Berreto:  "Acting Warden and (ISU) Investigative Security

27   Unit Agent failed to adhere to expectations at that capacity to prevent targeting by defendants in

28   forcing deprivation by the concert collusive fabricated observations to remove DPW status in

wheelchair in room to which stranded plaintiff deferring program benefits." (ECF No. 34 at 7.) The undersigned does not understand plaintiff's allegations against defendant Berreto. For this reason, the claims against defendant Berreto are dismissed. If plaintiff is claiming that defendant Berreto participated in the removal of plaintiff's DPW status, he shall clarify this claim in a second amended complaint.

Plaintiff alleges that defendant Adams, the Chief Medical Executive, failed to send plaintiff to an outside hospital for rehabilitation of a nerve condition that left plaintiff bedridden and caused plaintiff to suffer atrophy. (Id. at 7.) These allegations state a potentially colorable Eighth Amendment claim against defendant Adams.

Plaintiff alleges that defendant Church, the Chief Physician and Surgeon, "failed to supervise or even execute the appropriate review of neuralgia necessity in rehabilitation therapy for lower back, having information in (CDCR) medical file that a nerve disorder prevents (MRI) magnetic resonance image scan from picking up impingement or compression of nerves in the lower back during scans." (Id. at 7-8.) Plaintiff alleges that defendants told plaintiff that he had no disability/paraplegia because the scan impression showed a lack of impingement or compression. (Id. at 8.) Plaintiff claims that an MRI would not show impingement or compression of nerves. (Id.) Plaintiff alleges that defendants' failure to repair his nerve impingement caused his paraplegia and kept him bedridden. (Id.) Plaintiff alleges that defendants stopped treatment for plaintiff's nerve disorder. (Id.)

While plaintiff appears to claim that "defendants" improperly used an MRI to determine whether plaintiff had impingement or compression of nerves, plaintiff has not pled sufficient facts demonstrating defendant Church's involvement in this deprivation. Accordingly, this claim against defendant Church is dismissed.

Plaintiff alleges that defendant Reynolds wrote a false report stating that plaintiff threatened Nurse Sandhu with death. (Id. at 8.) Plaintiff alleges that the false report "did not advance" because defendant Sandhu "refused to bare false witness." (Id.) Plaintiff alleges that "an appeal was filed but was illegally retained with CDC 128 form, as an incident serious rule violation report to which is the very normal common practice…" (Id.)

4

It is not clear if plaintiff is claiming that defendant Reynolds issued a false rules violation report or a false counseling chrono, i.e., CDC 128.  However, a due process claim based on a false rules violation report is not colorable if the inmate was afforded the procedural protections required by federal law at the disciplinary hearing.  Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  In addition, "[t]he issuance of [a] counseling chrono with no discipline attached simply [does] not implicate a federally protected liberty interest."  Parks v. Chavez, 2013 WL 556783, at *3 (N.D. Cal. Feb. 12, 2013.)  Accordingly, plaintiff's claims against defendant Reynolds are dismissed.  If plaintiff is claiming that defendant Reynolds filed a false rules violation report, he shall clarify whether he received procedural protections at his disciplinary hearing in the second amended complaint.

Plaintiff alleges that defendant Miller stated that she would "commence reports to have [plaintiff] removed from CHCF.  She participated in formulating false reports, observations…" (ECF No. 34 at 9.)  The legal grounds of plaintiff's claim that defendant Miller prepared false reports so that plaintiff would be transferred away from CHCF are not clear.  It is not clear if plaintiff is alleging that defendant Miller violated his Eighth Amendment right to adequate medical care by preparing these reports or possibly retaliated against him.  Plaintiff does not allege that he was ever transferred away from CHCF.  Plaintiff has no due process right to be housed at any particular prison.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  For these reasons, this claim against defendant Miller is dismissed.

Plaintiff also alleges that defendant Miller was assigned to third watch duties and held medical appeals by placing them in a desk drawer and locker, so that in the morning defendant Reynolds could review them.  (ECF No. 34 at 9.)  The undersigned does not understand the legal grounds for this claim.  Accordingly, this claim against defendant Miller is dismissed.

Plaintiff alleges that defendant Golff was involved in a records review that "diverted the proper alignment of outside hospital for nerve disorder placement."  (Id. at 10.)  Plaintiff goes on to allege that defendant Golff adopted the opinion of prison employees that plaintiff's lower back condition had been corrected, in apparent contradiction of the opinions of outside specialists.  (Id. at 11.)  Plaintiff alleges that he received only physical therapy, which did not help his lower back.

5

1    (Id.)  Plaintiff's claim that defendant Golff provided physical therapy, in contradiction of the

2    specialists' opinions and which did not help plaintiff's lower back, states a potentially colorable

3    claim for relief.

4        Plaintiff also alleges that defendant Golff made false observations that resulted in plaintiff

5    being deprived of a wheelchair for seven months.  (Id. at 9.)  Without knowing what false

6    observations defendant Golff allegedly made and where these observations were made (i.e., in

7    plaintiff's medical records, in response to a grievance, etc.), the undersigned cannot determine

8    whether plaintiff's claim that defendant Golff denied him access to a wheelchair states a

9    potentially colorable claim for relief.  Accordingly, this claim is dismissed with leave to amend.

10       Plaintiff also alleges that defendant Golff on, "March 10, 15, 17 2016 illegally applied

11   herself as an 'other' authority over defendant Muniano, each of these days, to block out a

12   medically ordered form of ambulation to specialist for examination as to deprivation of DPW and

13   physical condition of this plaintiff of this plaintiff, as far as the ability to execute the acts raised

14   upon false observations."  (Id.)  It appears that plaintiff is claiming that on the dates alleged,

15   defendant Golff refused to provide plaintiff with transportation to an outside specialist.  These

16   allegations state a potentially colorable claim for relief.

17       Plaintiff alleges that defendant Smith falsely reported that she saw plaintiff ambulating in

18   his assigned room without aids to ambulate.  (Id. at 11.)  Plaintiff alleges that based on this false

19   observation, plaintiff was deprived of ADA cell status.  (Id.)  These allegations state a potentially

20   colorable claim for relief.

21       Plaintiff alleges that defendant Williams "participated in false observations" resulting in

22   the removal of plaintiff's DPW status and ADA cell.  (Id.)  Plaintiff alleges that defendant

23   Williams refused to provide services to plaintiff while he was bedridden.  (Id.)  Plaintiff does not

24   describe the false observations made by defendant Williams which allegedly led to the removal of

25   plaintiff's DPW status and his ADA cell.  Plaintiff also does not describe the services defendant

26   Williams allegedly failed to provide him.  Without this information, the undersigned cannot

27   determine whether plaintiff has stated potentially colorable claims for relief against defendant

28   Williams.  Accordingly, plaintiff's claims against defendant Williams are dismissed.

Plaintiff alleges that defendant Alvarez "participated in concert in application of false observations" and refused to provide services to plaintiff while he was bedridden.  (Id. at 12.) Plaintiff does not describe the false observations made by defendant Alvarez.  Plaintiff also does not describe the services defendant Alvarez failed to provide plaintiff.  Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim for relief against defendant Alvarez.  Accordingly, plaintiff's claims against defendant Alvarez are dismissed.

Plaintiff alleges that defendant Black made false observations and denied services to plaintiff while he was bedridden.  (Id.)  Plaintiff alleges that defendant Black filed a false report stating that she suffered an injury while bringing hot water to plaintiff's cell.  (Id.)  Plaintiff alleges that as a result of this false report, plaintiff was deprived of hot water.  (Id.)

Plaintiff does not describe the false observations defendant Black allegedly made or the services plaintiff failed to receive as a result of the false observations.  Plaintiff also does not explain why he was denied hot water based on defendant Black's allegedly false report.  Without this information, the undersigned cannot determine whether plaintiff has stated potentially colorable claims against defendant Black.  Accordingly, the claims against defendant Black are dismissed.

Plaintiff alleges that defendant Ballanza "applied himself to self-serving adjustments in appeal reviews that caused delay, cancellation, other to appeals."  (Id.)  Plaintiff's claim against defendant Ballanza is not clear.  If plaintiff is claiming that defendant Ballanza failed to properly process his appeals, plaintiff is informed that prisoners have no liberty interest in a grievance procedure or due process rights to the handling of grievances in any particular manner.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (recognizing that there is no liberty interest in the processing of appeals because prisoners are not entitled to a specific grievance process).  For these reasons, plaintiff's claim against defendant Ballanza is dismissed.

Plaintiff alleges that defendant Wein "organized false observations application towards removal medical status and medical treatment."  (ECF No. 34 at 13.)  Plaintiff does not describe defendant Wein's false observations that led to the removal of plaintiff's medical treatment and

medical status.  Plaintiff also does not specifically describe the medical treatment and medical status that defendant Wein removed.  Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim against defendant Wein.  Accordingly, this claim is dismissed.

Plaintiff alleges that defendant Zamora participated in the "orchestrations of refusing posture to valid appeals by participating as a member of a medical panel and opined contrary to medical necessities that were instated and in effect prior to obscurities…"  (Id. at 13.)  Plaintiff's claim against defendant Zamora is not clear.  For this reason, the claims against defendant Zamora are dismissed.  If plaintiff files an amended complaint, he shall clarify whether he is claiming that defendant Zamora denied plaintiff's grievances regarding medical care.  If so, plaintiff shall specifically describe the medical treatment requested in these grievances.

Plaintiff alleges that defendant Infante participated in reviewing plaintiff's grievances in 2014 up to 2016.  (Id.)  Plaintiff alleges that defendant Infante refused the appeals without responses.  (Id.)  Plaintiff does not describe the medical care requested in these appeals.  Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim against defendant Infante.  Accordingly, the claims against defendant Infante are dismissed.

Plaintiff alleges that defendant Williams "participated in concert application to opine contrary to appropriate medical treatment."  (Id.)  Plaintiff does not specifically describe the acts or omissions by defendant Williams which caused plaintiff to receive inadequate medical care.  Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim against defendant Williams.  Accordingly, the claims against defendant Williams are dismissed.

Plaintiff alleges that defendant Laude refused to provide plaintiff with "properly aligned diet supplications 2400 calorie diet."  (Id.)  Plaintiff appears to claim that his failure to receive the special diet caused disruptions in plaintiff's body functions that inflicted harm, pain and discomfort.  (Id.)  The undersigned requires additional information regarding the special diet before he can determine whether plaintiff has stated a potentially colorable claim against

defendant Laude.  If plaintiff files an amended complaint, he shall describe the special diet and address why he required the special diet.  For these reasons, the claims against defendant Laude are dismissed.

Plaintiff alleges that defendants Donelly, Lowe and Richardson participated in a medical panel that denied plaintiff proper medical treatment.  (Id. at 13-14.)  Plaintiff does not describe the medical treatment these defendants denied plaintiff.  Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim against these defendants.  Accordingly, the court against defendants Donelly, Lowe and Richardson are dismissed.

Plaintiff alleges that defendants Nelson, Garcia, Singh, Schafer, Stein, Malakka, Pearson, Martin, Clark, Davis, Molina and Knight participated in a medical panel that denied plaintiff proper medical treatment.  (Id. at 14, 15, 19-21.)  Plaintiff does not describe the medical treatment he allegedly failed to receive based on defendants' participation in the medical panel.  (Id.)  For this reason, the undersigned cannot determine whether plaintiff has stated potentially colorable claims against these defendants.  Accordingly, these claims against defendants Nelson, Garcia, Singh, Schafer, Stein, Malakka, Pearson, Martin, Clark, Davis, Molina and Knight are dismissed.

Plaintiff alleges that defendant Lewis participated in responses to third level grievances, causing the delay and denial of adequate medical care.  (Id. at 15.)  Plaintiff does not describe the medical care he requested in the grievance addressed by defendant Lewis.  Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim against defendant Lewis.  Accordingly, the claim against defendant Lewis is dismissed.

Plaintiff alleges that defendant Duffy "participated in allowing the denial, prolonging, proper medical treatment" to plaintiff.  (Id.)  Plaintiff does not describe the acts or omissions by defendant Duffy that led to the denial of proper medical treatment.  Plaintiff also does not describe the proper medical treatment he did not receive as a result of the acts or omissions by defendant Duffy.  Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim against defendant Duffy.  Accordingly, this claim against defendant Duffy is dismissed.

1   Plaintiff also alleges that defendant Duffy "participated in" a false report that caused a

2   guilty finding that impacted plaintiff's release date.  (Id.)  As discussed above, a due process

3   claim based on a false rules violation report is not colorable if the inmate is afforded the

4   procedural protections required by federal law at the disciplinary hearing.  Freeman v. Rideout,

5   808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

6   For this reason, plaintiff's claim against defendant Duffy is dismissed.[1]

7   Plaintiff alleges that defendant Navarro "participated in the usage" of false reports to

8   sustain a finding of guilt in a disciplinary hearing.  (Id.)  Plaintiff alleges that the guilty finding

9   impacted plaintiff's release date.  (Id.)  It appears that plaintiff is claiming that defendant Navarro

10   found plaintiff guilty of a rules violation based on a false rules violation report.

11   A challenge to the loss of good time credits is not a cognizable civil rights claim unless

12   the decision revoking the credits has been invalidated.  In Heck v. Humphrey, 512 U.S. 477

13   (1994), the Supreme Court held that a prisoner-plaintiff's civil rights complaint must be

14   dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or

15   sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been

16   invalidated.  Id. at 486-87.  In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court

17   extended the Heck rule to civil rights claims that, if successful, would imply the invalidity of

18   deprivations of good-time credits in prison disciplinary proceedings.  Id. at 643-47.

19   Although plaintiff is no longer incarcerated, it appears that a finding that plaintiff was not

20   guilty of the disciplinary conviction could impact the duration of plaintiff's parole.  Accordingly,

21   the claim against defendant Navarro is dismissed.  If plaintiff files an amended complaint, he

22   shall clarify whether he is claiming that defendant Navarro found him guilty of a rules violation

23   based on a false report and whether a finding in his favor in this civil rights action would impact

24   the duration of his parole.  Plaintiff shall also address whether the disciplinary conviction has

25   been invalidated, reversed or expunged.

26   ////

27

28   [1]  Moreover, this claim may be barred by the favorable termination rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994).

1    Plaintiff also alleges that defendant Navarro participated in the day-to-day operations of

2   the unit, but failed to address the obstruction of appeals and mail passage.  (ECF No. 34 at 15.)

3   Plaintiff's claim that defendant Navarro failed to address the obstruction of appeals fails to state a

4   potentially colorable claim because prisoners have no stand-alone due process rights related to the

5   administrative grievance process.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding

6   that there is no liberty interest entitling inmates to a specific grievance process).

7    Plaintiff does not allege how his mail was obstructed or how he brought the alleged

8   obstruction of his mail to the attention of defendant Navarro.  For this reason, the undersigned

9   cannot determine whether these allegations state a potentially colorable claim for relief.

10   Accordingly, this claim is dismissed.

11    Plaintiff alleges that defendants Day, Biggs, Castro and Phillip "participated in the

12   formulation" of false reports that caused the guilty finding at the disciplinary hearing.  (ECF No.

13   34 at 16-17.)  Plaintiff alleges that defendant Campigli "participated in the execution" of the false

14   rules report "toward the finding of guilt" when he acted as plaintiff's staff assistant/investigative

15   employee.  (Id. at 17.)  Plaintiff alleges that the guilty finding impacted plaintiff's release date.

16   (Id. at 16-17.)

17    Plaintiff's claims against defendants Day, Biggs, Castro, Phillip and Campigli appear to

18   be barred by Heck v. Humphrey.  Accordingly, these claims are dismissed.  If plaintiff files an

19   amended complaint, he shall clarify whether a finding in his favor regarding his claims against

20   these defendants would impact the duration of his parole.  Plaintiff shall also address whether the

21   disciplinary conviction has been invalidated, reversed or expunged.  Plaintiff shall also clarify

22   how defendants Day, Biggs, Castro and Phillip participated in the formulation of the allegedly

23   false rules violation report.  Plaintiff shall also describe the acts or omissions of defendant

24   Campigli that allegedly violated plaintiff's right to due process.

25    Plaintiff also claims that defendants Day, Biggs and Castro failed to "prevent the

26   channeling of appeals to and from appeals office causing appeals failure."  (Id. 16-17.)  These

27   allegations do not state a potentially colorable claim for relief.  Ramirez v. Galaza, 334 F.3d 850,

28   860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific

grievance process).  To the extent plaintiff claims that the failure to properly process his appeals caused delays in his receipt of adequate medical care, plaintiff has not plead sufficient facts supporting this claim.  If plaintiff files an amended complaint raising this claim, he shall describe the medical care he requested in the at-issue appeals as well as the acts or omissions of defendants related to these appeals.  Accordingly, these claims are dismissed.

Plaintiff alleges that defendant Hubble "participated in the fabrication of observations to remove medical status and housing."  (ECF No. 34 at 17.)  Plaintiff alleges that defendant Hubble removed plaintiff's DPW status and "applied false reports" accusing plaintiff of "doing body postures that are" impossible for plaintiff "to accomplish."  (Id.)  Plaintiff appears to claim that defendant Hubble removed plaintiff's DPW status after preparing reports falsely stating that he observed plaintiff engaging in physical activity that plaintiff was incapable of performing.  These allegations state a potentially colorable claim.

Plaintiff alleges that defendant Jones participated in the removal of plaintiff's DPW status "involving the usage of fabricated observations reports…"  (Id. at 18.)  Plaintiff appears to claim that defendant Jones removed plaintiff's DPW status based on false reports.  However, plaintiff does not describe the false reports relied on by defendant Jones.  For this reason, the claim against defendant Jones is dismissed.  If plaintiff files a second amended complaint, he shall identify the allegedly false reports relief on by defendant Jones and whether defendant Jones knew the reports were false.

Plaintiff alleges that defendant Gines refused to pick up plaintiff's legal mail, which interfered with plaintiff's ability to obtain appropriate medical care.  (Id.)  Plaintiff does not explain how defendant Gines's alleged refusal to pick up plaintiff's legal mail interfered with plaintiff's ability to obtain appropriate medical care.  Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim for relief against defendant Gines.  Accordingly, this claim is dismissed.

Plaintiff alleges that defendant Gutierrez "participated in the fabrication of observations and coercing false observations, reports to include harassment tactics day to day."  (Id.)  These allegations are vague and conclusory.  Accordingly, plaintiff's claim that defendant Gutierrez

fabricated observations and harassed plaintiff are dismissed.

Plaintiff alleges that defendant Gutierrez "participated in letter and appeal channeling away from plaintiff" that delayed and interfered with plaintiff's receipt of proper medical care. (Id.)  Plaintiff does not describe the medical care he sought in the at-issue appeals.  Plaintiff also does not describe the acts or omissions by defendant Gutierrez in his processing of the appeals leading to the alleged denial of adequate medical care.  Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim against defendant Gutierrez.  Accordingly, this claim is dismissed.

Plaintiff alleges that defendant Miniano "participated in allowing the illegal removal of active chronos with fabricated allegations that a policy disallows bed by sink when no such policy exists."  (Id. at 19.)  Plaintiff appears to claim that defendant Miniano caused plaintiff's bed to be moved away from the sink in his cell.  However, he does not specifically allege how moving his bed away from the sink violated his Eighth Amendment rights.  Accordingly, this claim is dismissed.

Plaintiff alleges that defendant Miniano allowed the alteration of medical orders that "disallowed gurney transport to specialist at a crucial time to allow restoration of DPW."  (Id.) Plaintiff may be claiming that he was unable to attend appointments with the outside specialist because defendant Miniano changed medical orders providing for plaintiff's transport to these appointments.  However, plaintiff does not specifically allege that he was unable to attend these appointments due to lack of transportation.  The undersigned cannot determine whether plaintiff has stated a potentially colorable claim without this information.  Accordingly, this claim is dismissed.

Plaintiff alleges that defendant Voong participated in reviewing plaintiff's third level appeal.  (Id. at 21.)  Plaintiff alleges that defendant Voong denied a meritorious appeal that resulted in the deterioration of plaintiff's medical condition.  (Id.)  Plaintiff does not describe the medical care he sought in the grievance.  Plaintiff also does not describe defendant Voong's response to his grievance that resulted in the alleged denial of medical care.  Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable

1   claim against defendant Voong.  Accordingly, this claim is dismissed.

2        Plaintiff alleges that defendant Green found plaintiff guilty of a "severe" rules violation

3   based on the fabricated policy stating that medical staff could not bring hot water to an inmate's

4   room.  (Id.)  Plaintiff does not allege that the guilty finding impacted his release date.  However,

5   based on plaintiff's allegation that defendant Green found him guilty of a "severe" rules violation,

6   this claim is dismissed with leave to amend so that plaintiff may clarify whether a finding in his

7   favor regarding this claim could impact the duration of his parole.  Plaintiff shall also address

8   whether the disciplinary conviction has been invalidated, reversed or expunged.

9        Plaintiff alleges that defendant Slee used false information to find plaintiff guilty of a

10  serious rules violation.  (Id. at 21-22.)  Plaintiff does not allege that the guilty finding impacted

11  his release date.  However, based on plaintiff's allegation that defendant Slee found him guilty of

12  a "severe" rules violation, this claim is dismissed with leave to amend so that plaintiff may clarify

13  whether a finding in his favor regarding this claim could impact the duration of his parole.

14  Plaintiff shall also address whether the disciplinary conviction has been invalidated, reversed or

15  expunged.

16       Plaintiff alleges that defendant Brunner participated in the fabrication of a rules violation

17  report that resulted in a guilty finding following a disciplinary hearing.  (Id. at 22.)  As discussed

18  above, a due process claim based on a false rules violation report is not colorable if the inmate is

19  afforded the procedural protections required by federal law at the disciplinary hearing.  Freeman

20  v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th

21  Cir. 1984).  Accordingly, this claim is dismissed with leave to amend so that plaintiff may clarify

22  whether he received procedural due process at the hearing where he was found guilty based on

23  the allegedly false rules violation report prepared by defendant Brunner.  Plaintiff shall also

24  address whether a finding in his favor regarding this claim could impact the duration of his

25  parole.  Plaintiff shall also address whether the disciplinary conviction has been invalidated,

26  reversed or expunged.

27       Finally, the undersigned observes that claim one appears to contain unrelated claims

28  against unrelated defendants.  Plaintiff may not bring unrelated claims against unrelated parties in

a single action. Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2).  Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement refers to similarity in the factual background of a claim.  Id. at 1349.  Only if the defendants are properly joined under Rule 20(a) will the court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

If plaintiff files a second amended complaint, he may not raise unrelated claims against unrelated defendants.

*Claims Two and Three*

In claim two, plaintiff alleges that defendants violated the Eighth Amendment by removing his wheelchair.  (Id. at 24.)  In claim three, plaintiff alleges defendants violated the Fourteenth Amendment by denying him physical therapy and other medical treatments.  (Id. at 25.)  No defendants are linked to claims two and three.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is

15

1  legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

2  588 F.2d 740, 743 (9th Cir. 1978).

3      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4  their employees under a theory of respondeat superior and, therefore, when a named defendant

5  holds a supervisorial position, the causal link between him and the claimed constitutional

6  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

7  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

8  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

9  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

10  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

11  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

12  participation is insufficient).

13      Claims two and three are dismissed because no defendants are linked to these claims.  In

14  addition, the substantive due process clause is not an appropriate vehicle to raise claims regarding

15  prison-related injuries that "implicated more specific constitutional rights" protected by the

16  Eighth Amendment.  See Graham v. Connor, 490 U.S. 386, 393 1989).  Rather, the Supreme

17  Court has emphasized that the Eighth Amendment's cruel and unusual punishments clause is the

18  appropriate mechanism for raising claims that challenge inhumane or unsafe conditions of

19  confinement.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Accordingly, the Fourteenth

20  Amendment claims raised in claim three are dismissed.

21      *Conclusion*

22      Plaintiff is granted thirty days to file a second amended complaint to cure the pleading

23  defects discussed above.  Plaintiff is informed that the court cannot refer to a prior pleading in

24  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

25  complaint be complete in itself without reference to any prior pleading.  This requirement exists

26  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

27  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

28  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's second amended complaint may be no longer than _fifteen pages_.  A second amended complaint longer than fifteen pages will be ordered stricken.

If plaintiff does not file a second amended complaint, the undersigned will order service of the claims found potentially colorable in this order.  However, before the undersigned orders service of the potentially colorable claims, plaintiff must inform the court that he intends to prosecute this action.[2]  If plaintiff fails to notify the court that he intends to prosecute this action, the undersigned will recommend dismissal of this action for lack of prosecution.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed but for those claims found potentially colorable, as discussed in this order;

2.  Plaintiff is granted thirty days from the date of this order to file a second amended complaint or a notice that he intends to proceed on the potentially colorable claims; failure to respond to this order will result in a recommendation of dismissal for lack of prosecution.

Dated:  August 24, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Si1067.14

---

[2]  Although this action was on appeal for several years, plaintiff has not communicated with this court since June 2017.  (See ECF No. 72.)