UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA, | No. 2: 16-cv-1067 MCE KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DIRECTOR OF DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends that this action be dismissed for failure to prosecute.

On May 5, 2017, the court denied plaintiff's application to proceed in forma pauperis and ordered plaintiff to pay the filing fee within thirty days. (ECF No. 64.) On April 27, 2021, the Ninth Circuit Court of Appeals reversed the May 5, 2017 order and remanded this action. (ECF No. 87.) On May 19, 2021, the mandate was issued. (ECF No. 88.)

On July 8, 2021, the undersigned granted plaintiff thirty days to file a second amended complaint raising all claims against all defendants he intended to name. (ECF No. 89.) The undersigned ordered that if plaintiff did not file a second amended complaint within that time, the undersigned would screen the amended complaint filed December 16, 2016. (Id.)

1

1    Thirty days passed from July 8, 2021, and plaintiff did not file a second amended
2  complaint.
3    On August 24, 2021, the undersigned issued an order screening the amended complaint.
4  (ECF No. 90.) The undersigned found that some of the claims raised in the amended complaint
5  were potentially colorable and others were not. (Id.) The undersigned granted plaintiff thirty
6  days to file a second amended complaint or a notice that he intended to proceed on the potentially
7  colorable claims in the amended complaint. (Id.) The undersigned cautioned that failure to
8  respond to the August 24, 2021 order would result in a recommendation of dismissal for lack of
9  prosecution. (Id.)
10    Thirty days passed and plaintiff did not file a response to the August 24, 2021 order.
11  However, the court received two telephone calls from plaintiff after August 24, 2021. In these
12  telephone calls, plaintiff stated that he had difficulty filing a written request for extension of time.
13  Plaintiff verbally requested an extension of time to respond to the August 24, 2021 order.
14    On September 24, 2021, the undersigned granted plaintiff thirty days to respond to the
15  August 24, 2021 order. (ECF No. 91.) The undersigned advised plaintiff that no further verbal
16  requests for extension of time would be granted. (Id.) The undersigned also cautioned plaintiff
17  that the undersigned would recommend dismissal of this action for failure to prosecute if plaintiff
18  failed to file a written response to the August 24, 2021 order within thirty days. (Id.)
19    Thirty days passed from September 24, 2021, and plaintiff did not file a written response
20  to the August 24, 2021 order.
21    In determining whether to dismiss an action for failure to prosecute or failure to comply
22  with a court order, the court must weigh the following factors: (1) the public's interest in
23  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
24  prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy
25  favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.
26  2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).
27    Here, the first two factors strongly support dismissal of this action. The action has been
28  pending for over five years. Plaintiff failed to respond to the August 24, 2021 order despite

having been granted adequate opportunity to file his response. This failure to prosecute and follow the court's orders hinders the court's ability to move this case toward disposition and suggests that plaintiff does not intend to litigate this action diligently.

With regard to the third factor, prejudice to defendants, the undersigned observes that defendants have not been served. The pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal. Pagtalunan, 291 F.3d at 642. Plaintiff is not at fault for much of the delay in the resolution of this action. However, unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. Id. The unexplained and unnecessary delay in the prosecution of this action caused by plaintiff's failure to respond to the August 24, 2021 order favor a finding of inevitable prejudice to defendants caused by fading memories and evidence becoming stale.

The fifth factor also favors dismissal. Despite the court's repeated attempts to obtain a response to the August 24, 2021 order, plaintiff has shown he is either unwilling or unable to comply with court orders by failing to file responsive documents and failing to cooperate in prosecuting this action. The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, third, and fifth factors support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////

////

3

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Si1067.56