UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2: 16-cv-1067 MCE KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends that this action be dismissed.

Background

On May 5, 2017, the court denied plaintiff's application to proceed in forma pauperis and ordered plaintiff to pay the filing fee within thirty days. (ECF No. 64.) On April 27, 2021, the Ninth Circuit Court of Appeals reversed the May 5, 2017 order and remanded this action. (ECF No. 87.) On May 19, 2021, the mandate was issued. (ECF No. 88.)

On August 24, 2021, the undersigned issued an order screening plaintiff's second amended complaint. (ECF No. 90.) The undersigned granted plaintiff thirty days to file a second amended complaint or a notice stating that he intended to proceed on the potentially colorable

1    claims raised in the first amended complaint.  (Id.)  The undersigned ordered that failure to
2    respond to the August 24, 2021 order would result in a recommendation of dismissal for failure to
3    prosecute.  (Id.)
4           Following the filing of the August 24, 2021 order, the court received two telephone calls
5    from plaintiff.  In these telephone calls, plaintiff stated that he had difficulty filing a written
6    request for extension of time.  Plaintiff verbally requested an extension of time to respond to the
7    August 24, 2021 order.
8           On September 24, 2021, the undersigned issued an order stating that the court was unable
9    to grant verbal requests for extensions of time.  (ECF No. 91.)  However, because plaintiff
10   represented that he intended to prosecute this action, the undersigned granted plaintiff an
11   extension of thirty days to file a response to the August 24, 2021 order.  (Id.)
12          Thirty days passed from September 24, 2021, and plaintiff did not file a response to the
13   August 24, 2021 order.  Accordingly, on November 4, 2021, the undersigned recommended that
14   this action be dismissed for failure to prosecute.  (ECF No. 92.)
15          On November 15, 2021, plaintiff filed a motion for a sixty-days extension of time.  (ECF
16   No 93.)  In this motion, plaintiff claimed that on September 24, 2021, he mailed the court a
17   motion for an extension of time, which the court did not receive.  (Id.)  Plaintiff also claimed that
18   he was taken to a facility in Bakersfield, California for back treatment.  (Id.)
19          On November 18, 2021, the undersigned vacated the November 4, 2021 findings and
20   recommendations and granted plaintiff sixty days to file a second amended complaint (which
21   appeared to be his intention).  (ECF No. 94.)
22          Sixty days passed from November 18, 2021, and plaintiff did not file a second amended
23   complaint.  Accordingly, on January 26, 2022, the undersigned recommended that this action be
24   dismissed.  (ECF No. 95.)
25          On January 26, 2022, plaintiff file a motion for a sixty-days extension of time to file a
26   second amended complaint.  (ECF No. 96.)  In this motion, plaintiff alleged that he was living in
27   post-acute care in Lynwood, California.  (Id.)  Plaintiff alleged that since receiving the November
28   18, 2021 order, he was unable to acquire telephone access during the morning hours to

communicate with attorneys. (Id.) Plaintiff also alleged that he was unable to purchase his own telephone. (Id.)

On February 1, 2022, the undersigned vacated the January 26, 2022 findings and recommendations. (ECF No. 97.) The undersigned granted plaintiff thirty days to file either a second amended complaint or a notice to proceed on the potentially colorable claims in the first amended complaint. (Id.) The undersigned ordered that no further extensions of time to comply with the August 24, 2021 order would be granted. (Id.) The undersigned also ordered that failure to comply with the February 1, 2022 order would result in a recommendation of dismissal of this action. (Id.)

On March 10, 2022, plaintiff filed a motion for a thirty-days extension of time to file a second amended complaint. (ECF No. 98.) Plaintiff alleges that during February 2022, he had access to the telephone on two occasions. (Id.) Plaintiff alleges that due to limited telephone access, he was unable to contact lawyers or purchase a cellular phone. (Id.) Plaintiff alleges that his limited access to the telephone is based on COVID-19 restrictions. (Id.) Plaintiff appears to claim that if he is unable to obtain counsel within thirty days, he will file either a second amended complaint or notice to proceed on the potentially colorable claims in the first amended complaint. (Id.)

Discussion

For the reasons stated herein, plaintiff's March 10, 2022 motion for extension of time is denied. Plaintiff had approximately six months to comply with the August 24, 2021 order. While the undersigned recognizes plaintiff's desire to obtain counsel, plaintiff had adequate opportunity to obtain counsel and to inform the court how he intends to proceed. In the February 1, 2022 order, the undersigned specifically advised plaintiff that no further requests for extension of time would be granted. Accordingly, plaintiff's motion for extension of time is denied.

For the reasons stated herein, the undersigned recommends that this action be dismissed for plaintiff's failure to comply with the August 24, 2021 order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,

3

1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).

The first two Ferdik factors strongly support dismissal of this action. Plaintiff had approximately six months to comply with the August 24, 2021 order directing him to file either a second amended complaint or a notice that he intends to proceed on the potentially colorable claims in the first amended complaint. By filing the March 10, 2022 motion for extension of time, plaintiff disobeyed the February 1, 2022 order advising that no further requests for extension of time would be granted. Plaintiff's failure to comply with the August 24, 2021 order, based on the circumstances described above, supports a finding that the first two Ferdik factors, i.e., the public's interest in expeditious resolution of litigation and the court's need to manage its docket, favor dismissal.

Arguably, the third factor – prejudice to defendants – does not counsel in favor of dismissal because defendants have not been served. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Plaintiff's failure to comply with the August 24, 2021 order is an unreasonable delay. Accordingly, the undersigned presumes prejudice. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (delay found unreasonable where government not served with petition).

The fifth Ferdik factor also favors dismissal. As discussed above, the undersigned granted plaintiff multiple extensions of time to comply with the August 24, 2021 order. Based on the record discussed above, the undersigned finds no suitable alternative to dismissal of this action.

The fourth Ferdik factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their

merits. See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time (ECF No. 98) is denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 15, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sier1067.dis